ORIGINAL

# In the United States Court of Federal Claims

No. 16-1133C

(Filed: October 3, 2017)

FILED

OCT - 3 2017

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MORRIS M. HARRIS, | * |
| | * |
| Plaintiff, | * Judicial Review of Army Board for Correction of Military Records Decision; Review of Military Records; Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction; Cross-Motions for Judgment on the Administrative Record. |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Morris M. Harris,* Beaufort, North Carolina, *pro se* Plaintiff.

*Joshua Ethan Kurland,* with whom were *Chad A. Readler,* Acting Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, and *Steven Gillingham,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

<u>OPINION AND ORDER</u>

WHEELER, Judge.

      Morris M. Harris, a *pro se* plaintiff and former serviceman in the United States Army Reserves Active Guard Reserve program, brings this action alleging wrongful discharge from the Army. In separate proceedings, the Army Board for Correction of Military Records ("ABCMR" or "the board") denied Mr. Harris's claims and sustained his separation from the Army, finding he was properly discharged. The Government has moved to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted.[1] The Government has also moved for a judgment on the administrative record, arguing that the ABCMR's decision was supported by substantial evidence. Mr. Harris has cross-moved for judgment on the administrative record, arguing that the record

---

[1] The Government argues that the Court lacks jurisdiction to hear tort, whistleblower, and claims concerning punitive damages; it also argues that Mr. Harris fails to state a claim for reinstatement, promotion, and back pay.

fully supports his relief.   For the reasons explained below, the Court GRANTS the Government's motion to dismiss as to certain claims and GRANTS the Government's motion for judgment on the administrative record as to the remainder.  The Court DENIES Mr. Harris's motion for judgment on the administrative record.

Factual and Procedural Background[2]

Mr. Harris first enlisted in the United States Army Reserve ("USAR") in April 1998 and entered active duty in May 1998. AR 539.  After a break in service, Mr. Harris enlisted in the USAR and entered the USAR Active Guard Reserve ("AGR") program. Id.  While in the USAR AGR program, Mr. Harris was promoted to the rank of Staff Sergeant General. AR 540.  In March 2010, Mr. Harris last reenlisted to active duty for a three-year period, effective May 26, 2010. AR 540.

In 2010, Mr. Harris encountered performance and behavioral problems. Id.  The administrative record highlights that Mr. Harris received Developmental Counseling Forms pertaining to issues including defiance of direct orders, failure to attend annual training and make scheduled payments on his government-issued credit card, and disrespect toward officers. Id.; see also AR 975-987, 1167-68 (Developmental Counseling Forms).

For example, in May 2010, Mr. Harris was counseled for sending a disrespectful message to supervisors in his command group. AR 977.  The message stated, "All I know is that I am not signing a dumb ass counseling [form]." Id.  The recommended plan of action was that Mr. Harris "learn to control [himself]," and the counselor indicated that going forward, he would recommend "adverse action" against Mr. Harris. AR 978.  Later that month, Mr. Harris was also counseled for providing false information to a commanding officer. AR 984-85.

Also in May 2010, Mr. Harris admitted himself into a mental-health facility after traumatic personal events. AR 178.  In June 2010, Mr. Harris's battalion commander referred him to a psychologist for a mental health evaluation; the psychologist diagnosed Mr. Harris with "an adjustment disorder with disturbance of emotion and conduct." AR 540.  In August 2010, Mr. Harris received a permanent physical profile for asthma and depression with anxiety, indicating a medical limitation. Id.  This limitation affected Mr. Harris's ability to deploy, but his health did not otherwise interfere with his duties. AR 1047-48.[3]   Mr. Harris's counseling continued in September and October 2010 for

---

[2]The facts in this opinion refer to the administrative record ("AR").  The Court's citations to the administrative record are to the AR page numbers.

[3] Mr. Harris's final medical profile in April 2011 indicated a history of asthma but no current limitations. It also stated a history of depression with anxiety that has since been resolved. AR 439-40.

2

"engaging in a pattern of poor, disruptive, disrespectful, dishonest, and unacceptable behavior" including disobeying direct orders, leaving duty without permission, and communicating a threat of physical harm to officers in command. AR 1167, 1212-17 (counseling form and witness testimony).

In September 2010, Mr. Harris's commander expressed intent to commence a separation action against Mr. Harris under the provisions of Army Regulation 635-200, Chapters 13 and 14. AR 541. In October 2010, Mr. Harris initiated a complaint alleging whistleblower reprisals and other issues. AR 558, 563. The investigation found that Mr. Harris's allegations concerning whistleblower reprisals were unsubstantiated, and the Army Inspector General decided that his separation was appropriate. AR 581-83.

Further, on January 21, 2011, an administrative separation board convened to consider Mr. Harris's actions. AR 541. Mr. Harris, represented by legal counsel, presented evidence to the board, and during the proceeding, witnesses testified about Mr. Harris's conduct since May 2010. AR 1205; see generally 1204-39 (involuntary separation board testimony). Witnesses spoke about Mr. Harris's responsibilities, sometimes combative responses to criticism, and family issues. AR 1206, 1213. After review of the evidence and testimony, the board found that Mr. Harris was unqualified for further military service because of unsatisfactory performance, a demonstrated pattern of misconduct, and his commission of a serious offense. AR 1239. The board determined that Mr. Harris violated Army Regulation 635-200, Chapter 13, paragraph 2a(1)(6); Chapter 14, paragraph 12b(2), and Chapter 14, paragraph 12c and recommended that Mr. Harris be separated from military service with a characterization of service as General, Under Honorable Conditions. AR 1239-40.

On February 3, 2011, an administrative law attorney reviewed the board process and determined that the January 2011 proceedings were legally sufficient and contained no errors. AR 1242-44. The attorney also found that sufficient evidence supported the board's findings and the recommendation was consistent with the findings. Id. On February 9, 2011, the separation authority approved the board's findings and recommendations, and directed Mr. Harris to receive General, Under Honorable Conditions discharge. AR 1199, 1203, 1282, 1291. Despite separation, in March 2011, Mr. Harris was placed on a list for promotion to the rank of Sergeant First Class. AR 323.

Before promotion could take place, however, Mr. Harris was discharged from the USAR AGR on May 6, 2011, under Army Regulation 635-200, paragraph 14-12b, citing a pattern of misconduct. AR 1272-73. This discharge occurred weeks prior to his three-year reenlistment period was scheduled to begin. AR 540. In April 2011, Mr. Harris unsuccessfully sought an upgrade of his discharge. AR 1146-1150. After reviewing all evidence, including military records, the Army Discharge Review Board determined that Mr. Harris was properly and equitably discharged. AR 543, 1110-11.

3

Mr. Harris applied to the ABCMR on April 6, 2012, requesting reinstatement in the USAR AGR program; correction of records; payment of back pay from May 6, 2011 until his potential reinstatement date; and promotion to the rank of Sergeant First Class, for which he was placed on the promotion list. AR 1001. The ABCMR, finding that Mr. Harris's separation was in compliance with applicable regulations and his service record was void of evidence indicating an unjust release, denied Mr. Harris's application on July 11, 2013. AR 916-17. It further concluded that Mr. Harris was not entitled to reinstatement or back pay due to lack of evidence regarding procedural error, and as discharge was proper, he was not entitled to promotion. AR 916. The ABCMR reached this conclusion after examining supporting documentation and Mr. Harris's extensive military personnel file. AR 906-917.

Mr. Harris sought ABCMR reconsideration on August 20, 2013; this time, he requested that this second application be processed through the Army Physical Disability Evaluation System ("PDES"), asking that his record reflect that he was separated for medical disability rather than misconduct. AR 552. His application was denied in June 2014, and the board highlighted the fact that Mr. Harris was medically cleared to return to duty, without limitation, despite prior medical issues. AR 537-38, 542-43, 547. Therefore, processing through PDES would have been improper, and the separation authority did not err. AR 548.

Mr. Harris filed a third application with the ABCMR on January 3, 2016. AR 369-76. His requests, including processing through PDES, remained the same. Id. During ABCMR review, the Senior Medical Advisor for the Army Review Boards Agency provided an advisory opinion, concluding that Mr. Harris met medical standards at the time of separation; his medical conditions were duly considered; and there was no evidence of a medical disability that would support a change in the record. AR 292-94.

Mr. Harris commenced this action with the Court on September 13, 2016 requesting reinstatement in the USAR AGR program, a promotion to the Sergeant First Class rank, back pay from the time of discharge until potential reinstatement, correction of his military records, and punitive damages. Dkt. No. 1. As Mr. Harris had an open ABCMR case with common claims, the Court granted a stay in proceedings pending resolution of the ABCMR consideration. Dkt. No. 12.

After reviewing the evidence, on November 15, 2016, the ABCMR again denied relief to Mr. Harris. The board explained that the 2014 decision regarding reinstatement, back pay, and promotion was final. AR 13-14. Therefore, the board primarily focused on the DPES processing request. Id. The board explained that DPES processing is appropriate when the Army authority considers the medical condition at hand to be a direct or substantial cause of the conduct that led to the separation recommendation. AR 32. The

4

board did not find this to be the case with Mr. Harris. AR 33. Instead, the board explained that the reasons for separation were all based on behavior, and there was no evidence suggesting that a medical issue contributed to Mr. Harris's conduct at the time of separation. Id. The board noted that Mr. Harris's record showed no medical limitations at the time of separation and therefore did not alter the more recent 2014 ABCMR decision. Id.

Following the ABCMR decision, Mr. Harris filed an amended complaint with the Court, again seeking reinstatement, back pay, promotion, processing through the DPES, correction of military records, and punitive damages for pain, suffering, and the death of his mother, whom Mr. Harris alleges could not receive proper medical care after his discharge. Am. Compl. at 61, Dkt. No. 19. Mr. Harris also seeks to bring class action claims on behalf of his family. Id. at 21, 25, 51-52. Lastly, he claims that he was wrongfully discharged due to medical conditions. Id. at 2, 6-7. The Government filed the Administrative Record concurrently with its motion to dismiss and motion for judgment on the administrative record. Dkt. No. 27. Mr. Harris filed a response and cross-motion for judgment on the administrative record on July 5, 2017. Dkt. No. 30. The parties completed briefing on August 30, 2017, and the Court heard oral argument on September 15, 2017.

Discussion

A. The Court Lacks Jurisdiction to Hear Mr. Harris's Tort, Whistleblower Reprisal, and Punitive Damages Claims.

The Government has moved to dismiss Mr. Harris's tort, whistleblower reprisal, and punitive damages claims under Rule 12(b)(1), for lack of subject matter jurisdiction. When deciding a 12(b)(1) motion, the Court treats the undisputed facts in the complaint as true and must draw reasonable inferences in favor of the non-moving party. Erikson v. Pardus, 551 U.S. 89, 91 (2007).

The Tucker Act, which is generally the focus of subject matter jurisdiction in this Court, grants jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*." 28 U.S.C. §1491(a)(1) (emphasis added). The Tucker Act itself "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Therefore, a plaintiff must identify a "separate source of substantive law that creates a right to money damages" in order to invoke the Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Further, the Court lacks jurisdiction to award punitive damages claims. See

5

Greene v. United States, 65 Fed. Cl. 375, 379 (2005) (citing Garner v. United States, 230 Ct. Cl. 941, 943 (1982)); Vincin v. United States, 468 F.2d 930, 932, 199 Ct. Cl. 762 (Ct. Cl. 1972)).

Mr. Harris alleges that he is entitled to monetary damages as a result of pain and suffering and the loss of his mother. These constitute tort claims, which are outside of this Court's purview. Similarly, Mr. Harris's contentions regarding whistleblower reprisal are not within this Court's jurisdiction; Mr. Harris's amended complaint does not ground these allegations in a separate source of substantive law, so he does not have a right to money damages in this Court. Finally, due to the Court's limited jurisdiction, punitive damages are unrecoverable. Thus, the Government's motion to dismiss these claims is GRANTED.

B. The Administrative Record Fully Supports the Government's Claims.

When reviewing a motion for judgment on the administrative record under Rule 52.1 of this Court, the Court determines if a party has met its burden of proof based on the evidence in the record in light of all disputed facts. Anderson v. United States, 111 Fed. Cl. 572, 578 (2013). The Court makes factual findings from the record, "as if it were conducting a trial on the record." Peterson v. United States, 104 Fed. Cl. 196, 204 (2012) (citing Bannum v. United States, Inc., 404 F.3d 1346, 1357) (Fed Cir. 2005)).

The administrative decision to discharge a military officer is granted great deference by this Court. Doe v. United States, 132 F.3d 1430, 1433-34 (Fed Cir. 1997). The Court's standard when reviewing the decision of a corrections board, is whether the decision is "arbitrary, capricious, unsupported by substantial evidence, or contrary to law." Skinner v. United States, 594 F.2d 824, 830 (1979). If the Court finds that the board's decision was reasonable and supported by substantial evidence, it will not overturn the board's decision. Wronke v. Marsh, 787 F.2d 1569, 1576 (Fed. Cir. 1986). Courts may not "substitute their judgment for that of the military board" when reasonable minds may differ. Banerjee v. United States, 77 Fed. Cl. 522, 533 (2007).

1. The Evidence in the Record does not Support Mr. Harris's Claims.

In this case, Mr. Harris alleges that the Army's separation action was inconsistent with Army regulations, values, customs, and traditions. Am. Compl. at 23. While Mr. Harris cites at least eight army regulations, there is no supporting evidence in the record to show that the Army violated these regulations. Am. Compl. at 24. Rather, Mr. Harris simply claims an abuse of authority, without support. Id. at 24, 32, 53. The Court must determine if a party has met its burden of proof based on the evidence in the record, and Mr. Harris does not present any evidence on this matter. Similarly, Mr. Harris mentions that his alleged wrongful separation was inconsistent with Army values. Id. at 23. He does not, however, cite these values or traditions, or explain how the Army's decision

6

contradicts these customs.  He has not met his burden of proof to show that the board's decision was improper.

### 2. The ABCMR's Decision is Supported by Substantial Evidence in the Administrative Record.

Mr. Harris contends that the board's decision was arbitrary, capricious, and an abuse of discretion because the board failed to consider his many career accomplishments.  Am. Compl. at 3, 32.  The record reflects these accomplishments, but there is no evidence to show that the board overlooked these facts.  Rather, the record reflects that in making decisions regarding Mr. Harris's applications, the board analyzed the entire military record and documents.  AR 10-33, 534-48, 906-909.  In its final reconsideration, the ABCMR looked at the complete record, including the advisory opinion, emails provided by Mr. Harris, and medical documentation.

The record also suggests that in considering all the evidence, the board supported its allegation that Mr. Harris was properly separated.  Documentation also included Mr. Harris's Developmental Counseling Forms, testimony from the separation board proceedings, and Mr. Harris's own admissions of misconduct.  AR 547-48, 581-83, 1167-68.  It is noteworthy that an administrative law attorney found the initial separation proceedings to be legally sufficient, and the ABCMR considered Mr. Harris's circumstances three times—seemingly affording full and proper review each time.

The ABCMR was obligated to consider Mr. Harris's extensive military file and review the prior decisions for accuracy.  Based on the evidence provided, the ABCMR decisions were fully supported by the record.

### Conclusion

For the reasons stated above, the Court GRANTS the Government's motion to dismiss as to Mr. Harris's tort, whistleblower, and punitive damages claims, and GRANTS the Government's motion for judgment on the administrative record as to the remainder. The Court DENIES Mr. Harris's motion for judgment on the administrative record.  Mr. Harris's attempt to bring a class action claim in this matter is not appropriate under Rule 23 of this Court.  The Clerk of the Court shall enter judgment accordingly.  No costs.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge